## Harkness, et al. v. Porter.

(Decided January 24, 1922.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Transcript—Omitted Pleading—Presumption. —Where on an appeal the transcript of the record from the lower court fails to contain a pleading that was filed in that court, the presence of which in the record appears to the appellate court material to a proper understanding of the grounds upon which the judgment appealed from was based, it, ordinarily, will indulge the presumption that the omitted pleading authorized or would support the judgment. But this rule will not be applied where, notwithstanding the absence from the record of such pleading, for other reasons sufficiently presented by the record, the judgment should be reversed.

2. Partition—Pleading—Appeal and Error.—Where in an action seeking a partition or sale of real estate jointly owned, some of the joint owners are demanding its division and others its sale and a division of the proceeds, and it is apparent from the pleading and exhibits that the question whether its division or sale would be most advantageous to the parties in interest cannot be justly determined in the absence of proof, the court should require of the parties proof on that issue, and its failure to do so will, on appeal, be held reversible error.

STRATTON & STEPHENSON for appellant.

PICKLESIMER & STEELE and C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing on original appeal and affirming on cross appeal.

The appellants, Minnie Harkness, widow, and Ida, Willie, Bert and Jennie Harkness, infant children of Grant Harkness, deceased, the widow suing in her own right and as next friend of the children, and the latter in their own behalf and by her as next friend, brought this action in equity in the court below against Unice Meade, George Meade, her husband, their children, and the appellee, I. N. Porter, seeking the partition of a tract of land of twenty-five acres lying in Pike county, particularly described in the petition, an undivided half of which, it was therein alleged, is jointly owned by the appellants, widow and infant children of Grant Harkness, deceased, three-sevenths by the former and four-sevenths by the latter, and the other undivided half jointly owned by the

children of Unice and George Meade, subject to a life estate therein owned by their mother, Unice Meade.

It was alleged in the petition as amended that the interest of three-sevenths in an undivided half of the land asserted by the appellant, Minnie Harkness, widow of Grant Harkness, was acquired through separate deeds of conveyance to her from each of three adult children of Grant Harkness and herself, viz.: Rebecca Spears, Draxie Compton, Dixie Pigman, and their respective husbands, each of such deeds conveying to the grantees the one-seventh interest of the grantor in an undivided half of the land.

The petition also alleged the divisibility of the land, necessity for its immediate partition, and prayed the appointment of commissioners to divide it by alloting one-half thereof to each class of joint owners. It was further alleged in the petition that the appellee, I. N. Porter, was wrongfully in the possession of the whole of the land in question, but that he has neither title nor the right of possession to any part thereof. Filed with the petition as an exhibit, evidencing, as alleged, the title of the appellants to an undivided half of the land, and that alleged to be in Unice Meade and her children to a like interest therein, was a deed executed 24th of April, 1879, by Zachariah Walters and wife to Luvena Harkness, their daughter, and her children, Unice Harkness (now Unice Meade) and Grant Harkness. This deed will later be considered.

The appellee, I. N. Porter, the only defendant then summoned, filed a general demurrer to the petition as amended, which was sustained by the circuit court. Following the refusal of the appellants to further plead, the petition was dismissed and from the judgment manifesting these rulings the latter duly prosecuted an appeal to this court, which reversed the judgment and remanded the cause with directions to the lower court to set aside the judgment appealed from, overrule the demurrer to the petition and permit such further proceedings in the action as might be consistent with the opinion of this court. See Harkness v. Meade, 148 Ky. 565.

The only question raised by the demurrer and on the appeal was as to the proper construction of the deed of April 24, 1879, from Walters and wife to Luvena Harkness, Unice and Grant Harkness.

Without stopping to consider the language of this deed or to quote from the opinion of the court on the former appeal, it is sufficient to say that its construction of the instrument was that it conveyed to Luvena Harkness, daughter of the grantors, an estate for life in the whole of the land described, and at her death a like estate therein to her children, Grant Harkness and Unice Harkness (now Meade), equally, with remainder in fee, at their death to their children.

Following the return of the case to the circuit court and the entry therein of the order required by the mandate of the Court of Appeals, the appellee, I. N. Porter, filed an answer to the petition, which was made a counterclaim against the appellants, Minnie Harkness and children, and a cross petition against Unice Meade and her children, the children of the latter presumably being adults, as it is nowhere alleged that they, or any of them, are infants. Unice Meade and her children filed their joint and several answer to the cross petition of Porter, traversing its allegations, alleging a life estate in her and remainder-interest in her children to that part of the land claimed by Porter, and demanding that he be made to account for $500.00 worth of timber and coal appropriated by him from the land and $250.00 by way of rental during its occupancy by him.

Without requiring or permitting the taking of proof by the parties upon the issues made by the pleadings, the circuit court held that the appellants, Minnie Harkness and her infant children, are the owners in fee of an undivided half of the land, the former of three-sevenths and the latter of four-sevenths of such half, and the appellee, Porter, the owner in fee of the other undivided half; also that the land was not susceptible of advantageous division, for which reason it was adjudged to be sold as a whole and the proceeds divided between the declared owners in the ratio of their respective interests. The appellee, Porter, was not made to account to Unice Meade or her children for any part of the rental value of their part of the land during his occupancy of the whole, or for any of the coal taken by him therefrom. From the judgment entered in pursuance of these rulings of the circuit court, Minnie Harkness, her infant children, and Unice Meade and her children have appealed. The answer, counterclaim and cross petition of Porter is not in the record, but the record contains an order showing the fil-

ing thereof and that it was of the character stated; and also an agreed order showing its omission by mistake from the record, and consent that it might be supplied, which, however, was not done because of its loss in the court below and no attempt to reproduce it.

Where on an appeal the transcript of the record from the lower court fails to contain a pleading that was filed in that court, the presence of which in the record appears to the appellate court material to a proper understanding of the grounds upon which the judgment appealed from was based, it, ordinarily, will indulge the presumption that the omitted pleading authorized or would support the judgment, and on such presumption affirm the judgment. But this rule will not be applied where, notwithstanding the absence from the record of such pleading, for other reasons sufficiently presented by the record, the judgment should be reversed. We find that the record, in addition to the deed from Zachariah Walters and wife to Luvena Harkness and others, previously referred to, which alone is sufficient to determine the question of title involved, contains the answer filed by Unice Meade and her children to the cross petition of the appellee, Porter, the reply filed by the appellants, Minnie Harkness and her children, to the answer and counterclaim of Porter to their petition; and also a reply filed by Porter to the answer of Unice Meade and her children to his cross petition. It clearly appears from the averments and denials of the answer of Unice Meade and children and the other responsive pleadings referred to, that the answer, counterclaim and cross petition of the appellee, Porter, controverted so much of the appellant's petition as alleged his wrongful possession of the land in question and lack of title to any part thereof; likewise its allegations as to the divisibility of the land, and alleged title in Porter to the fee in an undivided half of the land by virtue of a deed to him of May 29, 1886, from Unice Meade and George Meade, her husband, which deed was attacked in the answer of Unice Meade and her children as invalid for any purpose, and the allegations making the attack controverted by Porter's reply.

In so far as the rights of the appellants, Minnie Harkness and her infant children, are affected by the judgment appealed from, it is proper to say that it correctly determines their joint and several interests in the land in question; for the court below in holding that Grant Hark-

ness, the father of the infant appellants, took under the deed from Zachariah Walters and wife only a life estate in an undivided half of the land, with remainder over to his children, and that the latter at his death took the absolute fee to such half, did but obey the provisions of that instrument and follow the construction given it by this court on the former appeal. The means of determining the particular interest of their mother, Minnie Harkness, in the land were equally clear, as her three-sevenths thereof was acquired through the deeds from the three adult children of Grant Harkness, deceased, each conveying one of such sevenths.

She and her three infant children complain, however, of so much of the judgment as directs the sale, instead of the division, of the land. This complaint is well founded. The description of the land given in the pleadings and exhibite throws no light upon its quality or value; and if, as may well be inferred from the pleadings, the land contains timber and coal of value, these facts should have led the circuit court to realize that proof was needed to enable it fairly to determine whether the land was susceptible of division between the respective owners. The fact that the entire tract contains but twenty or twenty-five acres cannot be said to prevent an advantageous division of it into two parts equal in value, if not in quantity, or the allotting of one of such equal parts to the appellants, Minnie Harkness and her infant children, and the other to the appellee, Porter, or whomsoever the court finds to be the rightful owner. Obviously, in the situation presented by the pleadings the court could not, in the absence of evidence, properly determine whether the division or sale of the land would best subserve the interests of the joint owners, and its action in adjudging its sale, in the absence of such evidence, must be declared reversible error.

It is also patent that the lower court erred to the prejudice of the substantial rights of the appellants, Unice Meade and children, in holding the appellee, I. N. Porter, to be the owner of the fee in the undivided half of the land awarded him by the judgment appealed from. Porter's title was admittedly obtained through the deed executed to him by George and Unice Meade, May 29, 1886, a copy of which is before us, and which, though ambiguous in some of its parts, when considered as a whole, must be construed as conveying to the grantee whatever

interest the. grantors had in the land in question. But to ascertain what interests the grantors owned in the land recourse must be had to the deed from Zachariah Walters and wife to Luvena Harkness, Grant Harkness, and Unice Harkness (now Unice Meade),which, as previously stated, conveyed the latter only a life estate in an undivided half of the land. It therefore follows that Porter was not conveyed the fee in an undivided half of the land by the deed under which he claims title, but only the life estate in such undivided half that was acquired by Unice Meade under the Walters deed, and such right therein, if any, as George Meade obtained by his marriage with her. Not only is the title of Porter, as thus shown by the deeds referred to, one that must end with the death of Unice Meade, but that such is its character was determined by the construction given by us to the Walters deed on the former appeal. Hence the judgment of the court below, in so far as it declares the appellee, Porter, the owner of the fee in an undivided half of the land, is in direct conflict with the opinion of this court on the former appeal, which opinion must be regarded as the law in this case and will be followed by us in determining the same questions of title presented for decision by the present appeal. As the judgment appealed from, if permitted to stand, would divest the children of Unice Meade of their remainder interest in the undivided half of the land, the life estate of their mother in which is now owned by the appellee, Porter, it was and is their privilege to safeguard and have fixed their rights as remaindermen by resisting in the court below and in this court on appeal his claim of ownership of the title in fee to the undivided half of the land, in which their mother conveyed him her life estate.

An entry upon the back of the record shows that the appellee was granted a cross appeal from the judgment of the circuit court, but we are unadvised by anything appearing in the record or briefs of counsel of the grounds for or object of the cross appeal, and hence have not considered it.

For the reasons indicated the judgment of the circuit court, in so far as it directs a sale of the land in controversy, is reversed on the appeal of Minnie Harkness and her children, and also reversed on the appeal of the children of Unice Meade in so far as it adjudges the appellee, Porter, the owner of the fee in the undivided half of the

land conveyed him by Unice and George Meade. The judgment is affirmed as to Unice Meade, and also on the cross appeal of the appellee, Porter, and cause remanded to the lower court for such further proceedings as may be consistent with the opinion.