## Fidelity & Casualty Company of New York v. Waugh.

(Decided December 6, 1927.)

### Appeal from Pike Circuit Court.

1.  Principal and Agent.—Ordinarily, principal is bound by acts of his agent acting within apparent scope of his authority, and if agent makes mistake loss should fall on principal rather than on innocent third party.

2.  Contracts.—Court cannot make a contract for parties which they did not make, but it may set aside contract which parties in fact made where it was palpable mistake and minds of parties in fact did not meet.

3.  Insurance.—Where surety company's agent stated to contractor that premium for his bond as contractor was a certain sum, which sum was less than company's regular rate of 1½ per cent. of amount of cost of construction of road, so that contract for bond was illegal, under Ky. Stats., secs. 724 and 762a-19, prohibiting preferential contracts, but surety company did not seek relief from bond on ground of mistake, surety company held not entitled to have contract reformed or to recover 1½ per cent. on amount of contract after construction of road.

4.  Appeal and Error.—That amount paid into court by defendant as amount due under contract, in suit by plaintiff to reform and enforce contract, was not paid over to plaintiff when its petition was dismissed, could be corrected by motion in circuit court on notice to opposite party or his attorney if he were absent from county.

O. T. HINTON, JOHNSON, AUXIER & HINTON and FRED FORCHT for appellant.

O. A. STUMP, FRANK P. DAMRON and JOHN P. CUSICK, Warning Order Clerk, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On December 7, 1923, Harry M. Waugh was awarded a contract by the Pike fiscal court for the construction of a section of road in Pike county, pursuant to a bid theretofore submitted by Waugh to construct the road at so much a yard. The county engineer estimated the cost of construction to be $51,533. The fiscal court made an order fixing the amount of the bond which

Waugh should execute at $10,400.   A. R. Venters was agent at Pikeville of the Fidelity & Casualty Company of New York.   Some communication had been had between Venters and Waugh as to the execution of the bond in case the bid was accepted, and when the bid was accepted Waugh and Venters went together to the clerk's office.   There Waugh signed an application for a bond, and the bond was prepared and signed by Waugh and by Venters for the company.   Waugh lived in West Virginia and then went home.   Venters sent the application to the agent of the company in Louisville.   The application contained, among other things, these statements:

"Bond No. 991651.   Amount of bond, $10,400. Premium, $156.   Bond to be in force from December 7, 1923, to December 7, 1924.   Contract price, $51,533.   Approx."

Venters had told Waugh that the premium on the bond was 1½ per cent. of the amount of the bond; he had put in the application the statement that the premium was $156, and Venters had agreed for the company to make the bond under this assurance.   When the application reached Louisville, the agent there struck out the figures "156" and wrote over them the figures "773" as the amount of the premium, and wrote to Venters that he had made a mistake; that the percentage of 1½ per cent. was to be counted on the amount of work and not on the amount of the bond.   Upon receiving this letter Venters wrote to Waugh and told him what the agent had said.   But Waugh took no steps, insisting that no mistake had been made and that he was not willing to pay 1½ per cent. on the amount of the work.   A long correspondence followed.   Neither party took any action to correct the mistake.   Waugh went on and did the work, which amounted in the end to something over $80,000.   On January 1, 1925, the Fidelity & Casualty Company brought this action against Waugh to recover the premium on the bond on the basis of 1½ per cent. on the amount of the contract, which was over $80,000. Proof was taken, and during the pendency of the action Waugh paid in court the $156 with interest.   On final hearing the circuit court dismissed the petition.   The company appeals.

It is undisputed that Venters told Waugh that the premium on the bond would be $156, and that Waugh had the bond executed on this express understanding.

The agent executed the bond at Pikeville, and Waugh went home before anything more was said. It is said that Waugh knew this was a mistake because he had been a contractor in West Virginia and this company had signed one of his bonds over there; he had paid the premium on a basis 1½ per cent. of the amount of the work, and that this was the way that all surety companies did business. But Waugh said that this was the first contract he had made in Kentucky and he did not know anything about the rules as to such bonds in Kentucky. Ordinarily the principal is bound by the acts of his agent acting within the apparent scope of his authority. If the agent makes a mistake, the loss should fall on the principal rather than on the innocent third party. There is nothing in the record sufficient to show that Waugh waived any of his rights under the contract. It does appear from the correspondence that the company was not seeking a rescission of the contract so much as it was seeking to collect the increased premium. The company had it in its power to go before the fiscal court and ask that court to require Waugh to give a new bond, and if the fiscal court declined to give it relief it could have gone into the circuit court and obtained relief from this bond, but it took no step to obtain such relief. Its course throughout the transaction was in substance to insist that Waugh should pay the higher premium.

In Board of Regents v. Cole, 209 Ky. 761, 273 S. W. 508, a contractor in making his bid had by mistake and without culpable negligence omitted an item of $22,000 for cut stone. His bid had been accepted, and he brought an action for the cancellation of the contract. It was held that the mistake was fundamental, that the minds of the parties never met, and no other rights having intervened the plaintiff was entitled to relief by the cancellation of the contract; his application having been timely made. But in that case it was also distinctly held that while a mistake on one side may be ground for rescinding a contract it is not a ground for reforming the contract. To the same effect, see Bell v. Carroll, 212 Ky. 231, 278 S. W. 541, where the owner of bank stock directed the agent to sell it at par, thinking that "par" meant market price, and the buyer hearing such direction purchased it at par knowing that it was worth much more. In that case, too, there was a mistake so fundamental as to show that the minds of the parties did not

meet, for the market price of the stock was $300 a share. In that case, too, there was a timely demand for a rescission on the ground of mistake. The authorities go no farther than these two cases. The court cannot make a contract for parties which they did not make. But it may set aside a contract which parties in fact made where there was a palpable mistake and the minds of the parties in fact did not meet. The·purpose of this suit is to reform and enforce the contract. The company at no time took any steps to rescind the contract. By sections 724 and 762a-19, Kentucky Statutes, a surety company may not make any preferential contract or make a bond for one person at a lower rate than it charges others. Under the statute the contract in question was illegal, and, being illegal, the company might have had relief from it on showing that its local agent Venters had acted by mistake and without authority, but this right was to obtain relief from the bond; it was not a right to impose on Waugh a contract he did not make

It is complained in the brief that the money paid into court was not paid over to the company when the petition was dismissed. But no motion to this effect was made, and this matter may be corrected by motion in the circuit court on notice to the opposite party, or his attorney if he is absent from the county.

Judgment affirmed.