## Triplett, et al. v. Bays.

(Decided May 4, 1928.)

### Appeal from Carter Circuit Court.

1. Reformation of Instruments.—Where no claim was made in pleading that contracts were not expressive of true agreement because of fraud or mutual mistake, court could not reform them.

2. Reformation of Instruments.—Where court was asked to reform contracts in one of prayers to one of amended answers, but pleading contained no such allegation, held that prayer of pleading, unsupported by allegations of pleading, would not alone warrant granting relief sought.

3 Contracts.—While it is duty of courts to construe ambiguous contracts in order to give effect to intention of parties as expressed by contract, considered in light of circumstances which induced its execution, no court, under guise of construction, can make contract for parties.

4. Contracts.—In action on contract which in no ambiguous language provided that defendants were to repay plaintiff money he had lent them with interest and to save him harmless in transaction, defense that payment of contract was to be made by deed of interest in coal mine which they had tendered held properly ignored by court, since to permit such discharge of indebtedness would be to make contract for parties other than embodied in written agreement.

JOHN M. THEOBALD far appellants.

WAUGH & HOWERTON for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

The appellee brought this suit against the appellants, alleging in the first paragraph of his petition that on the 26th day of April, 1923, at their special instance and request, he lent them the sum of $3,050.56, which they promised to repay within a reasonable time, and that they had failed to do so. In the second paragraph of his petition he alleged that on the 31st day of May, 1923, he lent them the sum of $1,022.22, which they likewise agreed to repay him within a reasonable time, and that they had also failed to do this. He sought judgment for the two sums of money. In his petition he stated that, at the time of the loan of April 26th, the appellants executed and delivered to him the following contract, which was the basis of his suit for the loan of that date:

"Grayson, Kentucky, April 26, 1923.

"L. M. Bays having furnished to us sufficient funds to pay a note owing by us to Jesse Lee Roberts and assigned to S. A. Andrews, for $2,666.66, December 1st, 1920, which was due in December 1st, 1922, and now in the Citizens' Bank for collection and to be paid by us to-day, we hereby agree that the proceeds of said note when we collect it shall be paid to said L. M. Bayes, with its accrued interest, and that he shall be held harmless in the transaction, and fully reimbursed for his money and interest so advanced to us."

A like paper, the basis for the suit for the loan of May 31st, was executed at the time of that loan. The appellants answered, admitting the execution of the contracts set out in the petition, but claiming that Bays had advanced the sums of money sued for to the appellants to enable them to purchase a certain coal mine, and that it was agreed that, if they were successful in the purchase of this mine, the two appellants and the appellee were each to own a one-third interest in the mine, but that, if unsuccessful in the purchase of the mine, they were to repay him the money thus advanced, and that the contracts set out in the petition were executed pursuant to this agreement. They further alleged that they were successful in the purchase of the mine, that they had tendered to the appellee a deed for his third interest in the mine, and that he had refused it, and that they again ten-

dered him, as they filed their answer, a deed for such third interest. The appellee traversed the allegations of the answer as amended. On final hearing, the court ignored the defense set up by appellants and awarded the appellee the relief he sought. Appellants have appealed.

It was the appellants' theory that the contracts set out in the petition were ambiguous in their nature, and that therefore they had a right to allege and prove what they claimed the contracts really meant. They do not claim anywhere in their pleadings that the contracts as executed did not, on account of any fraud or mutual mistake, express the true agreement of the parties; hence the court could not reform these contracts. It is true that in one of the prayers to one of the amended answers the court was asked to reform the contracts, but, as we stated in the case of Coke v. Shanks, 218 Ky. 402, 291 S. W. 362, if the prayer of a pleading be unsupported by the allegations of the pleading, it will not alone warrant the granting of the relief sought. No relief can be given outside the allegations of the pleading to which the prayer is annexed. It follows, then, that the appellants must rest their case on the idea that the contracts sued upon were ambiguous and that their alleged explanation did no more than to clear up this ambiguity.

Now while it is the duty of the courts to construe ambiguous contracts in order to give effect to the intention of the parties as expressed by their contract, considered in the light of the circumstances which induced its execution, no court, under the guise of construction, can make a contract for the parties. Miller v. New York Life Ins. Co., 179 Ky. 246, 200 S. W. 482; Siler v. White Star Coal Co., 190 Ky. 7, 226 S. W. 102. The appellants' claims went far beyond any construction of the contracts set out in the petition. They set up an agreement which it is impossible to spell out of the contracts which it is admitted the parties executed. These contracts in no ambiguous language provide that the appellants are to repay the appellee the money he had lent them with interest, and are to save him harmless in the transaction. If there be any ambiguity in them, it relates only to the time of repayment. But to say that the courts should construe an express agreement to repay with interest a loan made appellants by appellee as an agreement permitting the appellants to deed an interest in a coal mine in discharge of their indebtedness would be to make a contract for the parties other than the one embodied in

their written agreement. This cannot be done under the guise of construction. The lower court, then, did not err, in ignoring the defense set up by appellants, and in awarding the appellee the judgment he sought.

Its judgment is affirmed.