## Johnson v. Edwards et al.

(Decided June 21, 1929.)

W. A. BERRY and D. H. HUGHES for appellant.

L. B. ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 219 Ky. 113, 292 S. W. 750. On that appeal the contract which is the foundation of the suit herein was construed by this court, and held to be a contract of lending and not a contract of partnership. A demurrer had been sustained to the petition in

the court below on the theory that the contract was one of partnership and not of lending. Its judgment was therefore reversed, and the case remanded, with instructions to overrule the demurrer. On the return of the case to the lower court, an answer was filed in which the defendant, now appellant, pleaded his interpretation of the written contract construed in the former appeal. To this answer the trial court sustained a demurrer. By an amended answer the appellant pleaded, in substance, that the contract sued upon although it had been entered into by the parties, was later abandoned, and that the parties had a new understanding and agreement as the basis of their relations. This answer was controverted, and, after proof had been taken, the court held that the contract sued upon and construed in the original opinion had not been abandoned, but that the parties had acted under it, and that, as the contract had been held by us to be a contract of lending and not of partnership, he was compelled to enter a judgment in favor of the appellees, which he did. From that judgment this appeal is prosecuted

The evidence fully sustains the lower court in its finding that there was no other contract between the parties, save the one construed by us on the former appeal. The construction we placed upon that contract on the former appeal is the law of the case. In Burton v. Campbell, 176 Ky. 495, 195 S. W. 1091, we held that a construction given to a deed by this court on a former appeal is conclusive upon a subsequent appeal. In the case of Harkness v. Porter, 193 Ky. 508, 236 S. W. 953, the proper construction of a deed dated April 24, 1879, from Walters and wife to Harkness et al., was involved. The case came up to this court in the first appeal on a demurrer to the petition as amended. The deed was construed, and the demurrer to the petition as amended ordered overruled. On a return of the case to the lower court, an answer was filed, and other proceedings had. The lower court then on the whole record construed the deed in question differently from the construction placed upon it by this court on the first appeal. Again was its judgment reversed. We said:

"Hence the judgment of the court below, in so far as it declares the appellee, Porter, the owner of the fee in an undivided half of the land, is in direct conflict with the opinion of this court on the former appeal, which opinion must be regarded as the law

in this case and will be followed by us in determining the same questions of title presented for decision by the present appeal."

But appellant argues the construction we placed on this contract in the former opinion was based on the allegations in the petition, and hence, when the appellant by his answer put that construction in issue, the doctrine of the law of the case is not controlling. The contract was not construed in the former opinion in the light of anything but itself. It set out quite clearly, and, as the proof shows, quite accurately, what each party was to do under it. Whether it was a contract of lending or a con· tract partnership was purely a question of law. Its construction did not turn on any disputed question of fact, but on what the law said was the legal result of the undertakings they had entered into as set out in the contract. There was no ambiguity in its terms.

"When a contract is plain, unambiguous and fair, not vitiated by fraud nor mistake in its execution, the courts are not authorized to make for the parties to it a different one, or to construe it contrary to its express terms." Stevenson v. Phoenix Ins. Co., 83 Ky. 7, 4 Am. St. Rep. 120.

"The courts cannot make a contract for parties which they did not make." Fidelity & Casualty Co. of New York v. Waugh, 222 Ky. 198, 300 S. W. 592.

"Now while it is the duty of the courts to construe ambiguous contracts in order to give effect to the intention of the parties as expressed by their contract, considered in the light of the circumstance's which induced its execution, no court, under the guise of construction, can make a contract for the parties. Miller v. New York Life Ins. Co., 179 Ky. 246, 200 S. W. 482; Siler v. White Star Coal Co., 190 Ky. 7, 226 S. W. 102." Triplett et al v. Bays, 224 Ky. 353, 6 S. W. (2d) 262.

Under these authorities, it is clear that the construction of this contract was purely one of law for the court. The question was not what duties and obligations the parties had agreed to perform by this contract. These duties and obligations were set out fully in the contract and, as the proof shows, accurately. The question was, what did the law say was the legal relationship existing between these parties by reason of these duties and ob-

ligations? Was it that of partnership, or debtor and creditor? We held it to be the latter. This holding, then, was binding on the parties and the court below on the subsequent trial of this case, and the lower court did not err in conforming his judgment thereto.

That judgment is therefore affirmed.

Whole court sitting.