## Yates v. Mammoth Cave National Park Ass'n.

(Decided Dec. 16, 1932.)

LOGAN & LOGAN and GEO. McCOMBS for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

This was an action brought by the appellant to collect $11,405.30, alleged to be due him upon a written contract dated June 13, 1926. A demurrer having been sustained to appellant's petition and he declining to plead further, it was dismissed, and this appeal results.

The learned trial judge, the honorable Porter Sims, delivered a memorandum opinion in this case which so completely disposes of the contentions of appellant that it is adopted as the opinion of this court. It reads:

"This suit was filed by the plaintiff to collect $11,405.30, which he alleged in his petition is due him upon a written contract dated June 13, 1926, under which contract plaintiff agreed to take options upon certain acreage located in the Mammoth Cave National Park area. The written contract upon which plaintiff bases his action provides for different amounts per acre to be paid to plaintiff, dependent upon the purchase price of the land he obtained options on. And the contract further provides plaintiff's compensation is to be paid him by the defendant when the acreage upon which the options obtained by plaintiff is accepted by the defendant and by the government of the United States for park purposes.

"The petition alleges plaintiff secured certain options which he delivered to and which were accepted by the defendant, and that the defendant willfully, negligently, and without legal excuse or just cause failed to exercise said options, to plaintiff's damage in the sum of $11,405.30. But plaintiff loses sight of the fact that his written contract with the defendant contains this provision:

" 'It is understood, however, that the Mammoth Cave National Park Association shall have the right to reject any options which, in its judgment, will not be acceptable to the Secretary of the Interior of the United States.'

"By turning to page 2 of the contract where the price to be paid plaintiff is set out, it will be

seen that in each paragraph relative to the price to be paid plaintiff the following provision appears:

" 'If the acreage optioned and accepted as above set out averages * * * then they, (meaning the plaintiff) shall be paid the sum of (here the price is inserted) per acre on all acreage accepted as above set out.'

"Now after the above-quoted provision appears in the various paragraphs on page 2 of the contract relative to the price to be paid plaintiff, this provision is found in the contract:

" 'Said sums to be paid when acreage is accepted by this Association and the Government of the United States for park purposes.'

"On page 4 of the petition the plaintiff alleges the defendant wrongfully refused to accept the acreage covered by the options obtained by plaintiff. Under the above-quoted provision of the contract the defendant had the right to reject any of the acreage, and the mere fact that plaintiff says it was wrongfully and without right rejected is a mere conclusion of his.

"This contract does not provide plaintiff is to be remunerated for taking options and delivering the options to defendant. From the above-quoted provision of the contract it is seen that plaintiff is to be paid, not for the options taken by him, but for the acreage accepted by the defendant; but that is not all, the acreage must be further accepted by the government of the United States. If the contract provided plaintiff was to be paid for options taken by him and delivered to the defendant, then he would have a cause of action. But such is not in the contract existing between plaintiff and defendant.

"There is no better established rule of law in this state than that a court cannot make a contract for the parties, but can only construe the contract it finds they have entered into. Nor has the court the authority to read words into a contract. Goff v. Blackburn, 221 Ky. 550, 299 S. W. 164; Fidelity & Casualty Co. of New York v. Waugh, 222 Ky. 198, 300 S. W. 592.

"It is also a well-settled rule in this state that

the exhibit upon which an action is based is controlling. This is so elementary no authorities need be cited.

"Plaintiff attempts, at the top of page 5 in his petition to state cause of action on the quantum meruit of his services in obtaining the options. The plaintiff cannot maintain an action on a contract and in the same suit maintain an action on quantum meruit."

It follows that the lower court correctly sustained the demurrer interposed to appellant's petition and correctly dismissed that petition when the appellant declined to plead further. Its judgment is affirmed.