**BOARD OF EDUCATION OF FLOYD COUNTY, Kentucky, Appellant.**

**v.**

**Walter L. HOOPER et al., d/b/a Eastern Construction Company, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 27, 1961.

Joe Hobson, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellees.

CULLEN, Commissioner.

Appellees Hooper and Burchett, partners, submitted a bid to the Board of Education of Floyd County for the construction of a school building. As required by the specifications, the bid was accompanied by a bid bond, with appellee Travelers Indemnity Company as surety, conditioned that if the bid be accepted the bidders would execute a contract for the work in accordance with their bid and the specifications. Upon the opening of the bids the Hooper-Burchett bid, in the amount of $73,978.90, was found to be the lowest and was accepted by the board of education. The following day Hooper and Burchett notified the board that by inadvertence the price of the steel required in the construction, amounting to $12,000, had been omitted from their bid, and by reason thereof they could not execute a contract for their bid price. Three days later, without readvertising for bids, the board let a contract to the next lower bidder, whose bid was $78,000. Thereafter the board brought this action against Hooper and Burchett and the surety on their bid bond, seeking to recover the

amount of the bond (which was five percent of the bid price). The court entered judg-. ment for the defendants and the board has appealed.

Hooper and Burchett testified that the mistake in their bid arose from the fact that they had divided between them the work of preparing the bid estimates and each had assumed that the other had included the price of the steel in his estimates.

The facts in this case cannot be distinguished from those in Board of Regents of Murray State Normal School v. Cole, 209 Ky. 761, 273 S.W. 508, where in submitting a bid of $207,787 the bidder by inadvertence omitted the cost of cut stone in the amount of $21,066. It was held that the bidder was entitled to be relieved from his bid and would not forfeit a $10,000 certified check which by requirement of the specifications he had deposited with his bid, notwithstanding a provision of the specifications that if the successful bidder failed or refused to execute a contract the amount of his deposit would be forfeited.

While the opinion in the Cole case uses some language with reference to there having been a failure of a meeting of the minds of the parties, it is clear that the decision was based upon strictly equitable principles. The rationale of the case is that even though the mistake is unilateral, the bidder may be relieved from his contract if the mistake is one of material substance and of such consequence that enforcement of the contract would be unconscionable; if the mistake involved mere ordinary negligence and not gross carelessness; if the other party will suffer no damage other than the loss of the bargain; and if the bidder gives prompt notice of the mistake.

As disclosed by the annotation in 52 A.L.R.2d 793, the principles of the Cole case are supported by practically unanimous authority. The fact that notice of the mistake is not given until after acceptance of the bid will not preclude relief. 52 A.L.R. 2d 803. Nor is relief barred by a provision of the specifications (such as there was in the instant case) prohibiting withdrawal of bids. 52 A.L.R.2d 806.

It is our opinion that the trial court properly denied recovery on the bid bond.

There is no merit in the contention of the appellant that the testimony of Hooper and Burchett as to how their mistake occurred was not acceptable because they did not produce in evidence the working papers on which their estimates were made.

The judgment is affirmed.