442 P.2d 197

**SMITH & LOWE CONSTRUCTION COM-
PANY, Inc., Plaintiff-Appellee,**

v.

David F. HERRERA, Adrian Ogaz, Earl
Stull, Jr., and the Dona Ana Board of
County Commissioners, Defendants-Appel-
lants.

**No. 8531.**

Supreme Court of New Mexico.

June 10, 1968.

E. H. Williams, Jr., Dist. Atty. Dona
Ana County, Las Cruces, for appellants.

Toulouse, Ruud, Gallagher & Walters, J.
E. Casados, Albuquerque, for appellee.

OPINION

COMPTON, Justice.

This action was brought in the District
Court of Bernalillo County by Smith &
Lowe Construction Company, Inc., against
the Board of County Commissioners of
Dona Ana County to obtain a declaratory
judgment with regard to the rights and lia-
bilities of the parties arising out of a bid
on a construction project by Smith &
Lowe Construction Company for the Coun-
ty of Dona Ana. The court granted the
plaintiff's motion for summary judgment,
and defendants have appealed.

The facts are not controverted. The
Board requested bids for construction work
on the Dona Ana County jail. Smith &
Lowe submitted a bid accompanied by the
required bid bond. The Smith & Lowe
bid, along with those of the other bidders,
was opened on September 2, 1966, and at
$590,630.00 it was the lowest bid received;
the difference in the next lowest bid being
$43,370.00. The possibility of an error in
appellee's bid was brought to the attention
of the Board at that time. The Board de-

ferred awarding the contract for reasons satisfactory to itself; however, there was a provision that the bid should be irrevocable for 30 days. On September 3, 1966, Smith & Lowe discovered a $20,798.00 error in the computation of the bid. The error was made in simple mathematical addition. On September 4 and 5, 1966, the county's architect and two of the county commissioners were notified by Smith & Lowe that a mistake had been made. On September 7, 1966, the Board was again notified in writing and in person. On September 7, Smith & Lowe requested an opportunity either to withdraw its bid without forfeiture of the bid bond or that the Board allow it to do the work for the amount the bid would have been had the error not been made. Even with such adjustment, the Smith & Lowe bid would have been $22,572.00 less than the next lowest bid. The Board nevertheless denied the request and, on September 7, 1966, awarded the contract to Smith & Lowe at $590,630.00. Upon their refusal to execute a contract to perform the work for this amount, the contract was awarded to the second lowest bidder.

The appellants contend that the court erred in granting summary judgment. The contention is based on the theory that such unilateral mistake by a bidder was not grounds for a rescission of a contract. They admit that their position is supported by decisions representing a minority view. Modany v. State Public School Building Authority, 417 Pa. 39, 208 A.2d 276; Hedden v. Northampton Area Joint School Authority, 396 Pa. 328, 152 A.2d 463; A. J. Colella, Inc. v. County of Allegheny, 391 Pa. 103, 137 A.2d 265. However, they assert that these cases represent the better reasoning.

The appellee contends that the district court was correct in granting summary judgment for appellee because (a) there was no contract formed between the parties upon which forfeiture could be based, and (b) even if a contract was formed, eq-

uity will prevent forfeiture in the case of an honest mistake.

In cases of unilateral mistake, such as we have here, the courts generally allow rescission of the contract without forfeiture of the bid bond where it appears that (a) the mistake was of such grave consequence that to enforce the contract would be unconscionable; (b) the mistake relates to a material and fundamental feature of the contract; (c) the bidder has acted in good faith, and the mistake has not come about as a result of the violation of a positive legal duty or from gross negligence; (d) the bidder has been reasonably prompt in giving notice of error in the bid; and (e) the offeree's status has not been changed, or if it has been changed, he has been put in status quo to the extent that he suffers no serious hardship or prejudice except the loss of bargain. Compare M. F. Kemper Construction Co. v. City of Los Angeles, 37 Cal.2d 696, 235 P.2d 7; Board of Education of Floyd County v. Hooper, 350 S.W.2d 629 (Ky.); City of Baltimore v. DeLuca-Davis Construction Co., 210 Md. 518, 124 A.2d 557; State Highway Commission v. State Construction Co., 203 Or. 414, 280 P.2d 370, 52 A.L.R.2d 779; James T. Taylor & Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371; Puget Sound Painters, Inc. v. State, 45 Wash.2d 819, 278 P.2d 302.

Conclusions which we characterize as mixed findings of fact and conclusions of law supporting summary judgment are that appellee acted in good faith, without gross negligence, and its mistake was excusable; that appellee was reasonably prompt in giving notice of the mistake; that it would suffer a substantial detriment if a forfeiture is declared; that the appellants did not change their position or act to their detriment prior to the withdrawal of appellee's bid and that it suffered no injury as a result of such withdrawal.

In the light of the court's findings which are in no way attacked, the conclusions reached by the trial court clearly follow. See cases cited in Annot., 52 A.L.R.2d 792.

In view of what has been said, it is not necessary to determine whether a contract was created at the time the bids were opened.

We make the observation that the requirement that the mistake must not come about as a result of the violation of a positive duty or from gross negligence is a rather nebulous standard. The concept of what is a positive legal duty and what is gross negligence may vary from court to court and may depend on subtle differences in factual situations. As we see it no positive legal duty was violated in the case at bar and there was no gross negligence. Compare City of Baltimore v. DeLuca-Davis Construction Co., supra; James T. Taylor & Son, Inc., supra. Also see 3 Corbin on Contracts, Mistake, § 609, and 16 Minn.L.Rev. 137 (1931).

The judgment should be affirmed, and it is so ordered.

NOBLE and MOISE, JJ., concur.