**HARRY HARRIS, INC., a Kentucky Corporation, Appellant,**

v.

**QUALITY CONSTRUCTION COMPANY OF BENTON, KENTUCKY, INC., a Kentucky Corporation, Appellee.**

Court of Appeals of Kentucky.

Aug. 24, 1979.

Rehearing Denied Oct. 19, 1979.

Discretionary Review Denied March 4, 1980.

M. Ronald Christopher, Murray, for appellant.

Richard H. Lewis, James A. Anderson, III, Benton, for appellee.

Before GUDGEL, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered August 8, 1978, which awarded the appellee the sum of $12,366.96 on a breach of contract suit.

The appellee is a general contractor engaged in construction work, and the appellant is a subcontractor whose business consists primarily of selling supermarket, hotel, restaurant, bar and slaughterhouse equipment. Appellee had been awarded the bid for construction of three new elementary schools and in arriving at its low bid projections had used the estimates of subcontractor Harris for kitchen equipment. Appellant had inadvertently failed to add in the price of five ovens, representing $8,925.00. Shortly after the appellant became aware of its mistake and on September 6, 1973, it notified the appellee that it would have to withdraw its bid because it would lose $18,-000.00 on the transaction. A vice-president of the appellant testified that he offered to supply all kitchen equipment for a total price of $94,711.04, but that offer was not accepted by the appellee who subsequently sought other suppliers. Later the appellant offered to perform at its cost, plus 15%, but the appellee did not accept that proposal. The trial court awarded a total judgment against the appellant in the amount of $12,-366.76, apportioned as follows: $9,186.96 representing the difference in the appellant's bid and the next lowest bid; $1,680.00 representing the cost of hood protectors contained in the appellant's bid, but not in the successful bid; and $1,500.00 for the cost of extra labor. This appeal followed.

The appellant argues as follows:

1) Did the general contractor accept the subcontractor's bid offer with the result that there was a binding contract?

2) May a subcontractor, upon discovering a mistake in its computations, withdraw its bid to a general contractor after the general contractor's bid, using the bid of the subcontractor, has been submitted to and conditionally accepted by the owner?

This Court affirms the judgment of the trial court in all respects, except as to the mitigation of damages.

■ In any case that is presented to the trial court without the intervention of a jury, the standard of review is governed by CR 52.01. Unless it can be demonstrated that the judgment below is clearly erroneous or manifestly against the weight of the evidence, the appellant court will not disturb the findings of the trial judge.

The appellant relies on two cases, *Board of Regents of Murray State Normal School v. Cole*, 209 Ky. 761, 273 S.W. 508 (1925), and *Floyd County Board of Education v. Hooper*, Ky., 350 S.W.2d 629 (1961). We believe both of these cases are distinguishable from the factual situation presented here. In both cases the parties were dealing directly with an owner and no subcontractor was involved. Here, we have a subcontractor withdrawing its bid after the general contractor had relied on it in preparing its own bid for the owner. In the *Hooper, supra,* case, the court noted that the owner's only damage was loss of its bargain. Here, the contractor, because of its reliance on the offer of the subcontractor, lost more than a bargain; it was forced to absorb the damage resulting from the subcontractor's mistake. In the *Cole, supra,* case, the court determined that the contractor's mistake was fundamental, warranting cancellation of the entire bid.

The evidence in this case indicates that if the subcontractor had fulfilled its contract with the general contractor, it would have still made a profit although not as much as it would have normally expected.

Although it appears that this specific question has not been decided in Kentucky, the Supreme Court of California was faced with a similar fact situation in *Drennan v. Star Paving Co.*, 51 Cal.2d 409, 333 P.2d 757 (1958). There the general contractor accepted the subcontractor's bid by telephone the afternoon before the bid openings. The contractor successfully used the bid and the following day the subcontractor advised that it could not perform because of a mistake in preparing the bid. In holding that the general contractor's reliance on the bid made it an irrevocable offer, the California court cited Section 90 of the Restatement of Contracts:

A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise.

■ It is our opinion that *Cole, supra,* and *Hooper, supra,* are not controlling in this situation, but that the appellant subcontractor was bound by its offer to the general contractor when the general accepted the offer, used it in arriving at the total bid package, and bound itself to perform the total contract. A subcontractor may not withdraw its bid to a general contractor after the general contractor's bid has been submitted to and accepted by the owner using the bid of the subcontractor.

We believe that this matter is of the same legal import as the recent decision of the Kentucky Supreme Court regarding the bid of subcontractors used in the preparation of a contract bid, and the reliance by the general contractor thereon, in the case of *Meade Construction Co., Inc. v. Mansfield Commercial Electric, Inc.,* Ky., 579 S.W.2d 105 (1979). Unlike *C. G. Campbell & Son, Inc. v. Comdeq Corp.,* Ky.App., 586 S.W.2d 40 (1979), the appellant in this case has not raised the application of KRS 355.-2–201, and therefore we have not considered it.

■ However, we must now treat the question of mitigation of damages. An examination of the record in this case indicates that after the appellant discovered its mistake it still offered to carry out the job for the sum of $94,711.04. When the bid of Wolfe Sales, who declined to perform, is excluded, the appellant's amended bid is still the lowest bid, lower than that of Weber Equipment who ultimately received the contract. If the appellee had accepted the amended offer it would not have had to

expend an additional $1,680.00 for the hood protectors, which were not included in the Weber bid, nor would it have incurred the $1,500.00 for extra labor costs. In the case of *Hooper, supra,* the party who made the initial mistake still received the bid because its amended bid was the lowest. In refusing the appellant's second bid, the appellee failed to mitigate damages as it is required to do by law. We believe so much of the award as relates to the difference between the appellant's offer and the successful offer should be reconsidered in the light of the need for mitigation of damages by the appellee.

Therefore, for the reasons set out above, the judgment of the trial court is affirmed in all respects, except as to the mitigation of damages.

All concur.