CASE 92—ACTION FOR A SETTLEMENT OF THE ESTATE OF DEFENDANT'S INTESTATE—JANUARY 22.

# Bailey's Admrs., &c. v. Barclay, &c.

APPEAL FROM BUTLER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

ADVANCEMENTS—DECLARATIONS OF ANCESTOR AS EVIDENCE—SETTLEMENT OF DECEDENT'S ESTATE—ATTORNEYS'. FEES.

Held:  1. Declarations of a father that he had given to each of his married children a certain sum of money were not admissible to prove that fact for the purpose of fixing advancements.

2. In an action by an heir against the administrator for a settlement and division of the intestate's estate, plaintiff was not entitled to the allowance of an attorney's fee to be paid out of the estate, as each of the heirs was represented by his own attorney, and the services of plaintiff's attorney were rendered in his interest.

B. F. PROCTOR, ATTORNEY FOR APPELLANTS.

E. C. Barclay and husband brought this suit in the Butler Circuit Court, asking a division of the land and settlement of the estate of John Bailey, deceased, who was the father of Mrs. Barclay. The main object of the suit was to settle the question of advancements, and to divide the real estate. There were eight children, heirs to the estate.

A second suit was filed by some of the heirs which was consolidated with the original suit (after a decree had been ren-

dered in the first suit) which sought to vacate the said decree, and upon final hearing the judgment appealed from was rendered.

The appellants ask a reversal, because:

1. The advancements adjudged are erroneous.

2. No attorney's fee should have been allowed to Howard & Harrold.

3. Because one of the defendants, who is an imbecile, Elizabeth Bailey, was not and is not before the court.

4. Because the court heard and considered incompetent testimony as to the advancements, being proof of statements made by John Bailey, deceased, that he had made his married children equal; such declarations being incompetent.

### AUTHORITIES CITED.

Advancements, Green v. Thompson, 13 Ky. R., 223; Bowles v. Winchester, 13 Bush., p. 1; Ky. Stats., sec. 1402.

HOWARD & HARROLD, ATTORNEYS FOR APPELLEES.

The appellants seek to set aside the judgment in this case, first, on the ground of error in determining the question of advancements, and second, on the allowance of the fee to Howard & Harrold, the attorneys who brought the suit to settle the estate and divide the land.

1. We claim that the deceased, John Bailey, knew what he had given his children, and we have his declarations on that subject.

2. The fee to the attorneys, Howard & Harrold, was agreed to in the revised judgment.

3. The case has been twice considered by the learned judge of the lower court and the judgment should not be disturbed.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

John Bailey died intestate in 1896. He left as his only heirs at law the appellants, Israel, Sam, Dock, Susan, Paulina and Elizabeth, and the appellees, E. C. Barclay and Sarah Bailey. After his death, E. C. Barclay and her husband instituted suit, asking a settlement of the accounts of the administrator, an equalization of the advancements received by the heirs at law, and a division of the estate of the decedent. She alleged that all of the heirs had received an equal amount of advancements, and  ·

that, after paying the debts, there should be an equal division of the estate. The appellees, Israel, Susan, Paulina, and Elizabeth Bailey, answered, and denied that there had been equal advancements made by their father in his lifetime to each of his children; and alleged that plaintiffs had received, in cash and personal property, more than $500, and that their sister, Mrs. Sarah Bailey, had received about the same amount; that appellants, Sam and Dock Bailey, had received personal property to the amount of $150 each, and that they had received no advancements of any kind; and ask that appellants should receive no additional sum in the settlement of the estate until they had received an equal amount. Proof was taken on the question of advancements, and at the May term, 1898, judgment was entered charging Sam, Dock and Sarah Bailey, wife of Jerry Bailey, and E. C. Barclay with having received $300 by way of advancements in excess of the other heirs, and that Susan, Israel, Elizabeth and Paulina were entitled to receive that sum before any sum should be distributed to the remaining heirs. A fee of $125 was also allowed to the attorneys of the plaintiffs for their services in instituting the suit. It appears that each of the heirs was represented by his own attorney, and the entire services rendered by the attorneys of plaintiffs were in the protection of the interest of their clients. Appellants moved that this judgment be vacated upon the ground that their sister Elizabeth was an imbecile, and was not properly before the court, and at the same time filed a new suit in equity seeking the same relief. The last suit was consolidated with the first, and, being heard again, the circuit judge reduced the fee of plaintiffs' attorney to $75, but refused to disturb the judgment on the question of advancements. Appellants ask a reversal

of the judgment on the ground that the charge of $300 by way of advancements to Sam and Dock Bailey is erroneous, and not authorized by the proof, and that the allowance of the fee of $75 is without authority of law. It appears that, in addition to a horse, saddle and some other personal property, intestate gave to his daughters, Mrs. E. C. Barclay and Sarah Bailey, each $300 in money, and that he gave to his sons, Sam and Dock, each a horse and some other personal property of about the value of $150. There is no proof that he gave any property whatever to his other children, and the only evidence in the record upon which to base the charge of $300 to Sam and Dock Bailey are the statements of several witnesses, who testify to conversation had with John W. Bailey during his lifetime, in which he told them that he had given each of his married children $300, and set them up for housekeeping; and as Sam and Dock were married, and the other four were unmarried, these statements were taken as a basis of fixing the advancements, there being no other proof of such advancements, so far as Sam and Dock were concerned.

The first question to be passed on is the competency of this evidence, and its sufficiency for the purpose for which it was used. The question whether the gift of a father to a child was an absolute one, or made by way of advancements, was a question of the intention before the enactment of what is now section 1407 of the Kentucky Statutes. That section of the statutes made any gift of real or personal property or money by a parent or grandparent to a descendant an advancement, which should be estimated according to the value of the property when given, unless it appeared that the gift was without any view to a settlement in life, or for purposes of maintenance and education. In passing upon the competency of

declarations made by an ancestor as to the intention with which the gift was made, it was generally held that declarations of the donor prior to the transfer or contemporaneous with it were competent, but that subsequent declarations are inadmissible, unless a part of the *res gestae*, or against the interest of the donor. See 1 Am. & Eng. Enc. Law (2d Ed.), page 776; Gillett, Ind. & Col. Ev., section 155. Under this rule, we are of the opinion that the evidence of declarations made by intestate is not sufficient to charge appellants, Sam and Dock Bailey, with advancements; and it follows that the court erred in charging these appellants $300 by way of advancements, nor is there any ground 'for the charge against the whole estate of a fee in favor of appellees' attorney. Section 489 of the Kentucky Statutes provides: "If it shall be made to appear that one or more legatees, devisees, distributees or parties in interest have prosecuted for the benefit of others interested with themselves, and have been at trouble and expense in conducting the same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble, and for necessary expenses, in addition to the fees and costs; said allowance to be paid out of the funds recovered before distribution." "The statute is only intended to apply to that class of cases where the parties had a common interest, and a part, without objection from the others, prosecuted suits for their joint benefit, and only such parties as are not represented in the case by attorneys selected by themselves. One jointly interested can not be compelled to pay for counsel employed by others, when he has himself employed counsel to represent his interest." See Thirdwell's Adm'r v. Campbell, 74 Ky., 168; Dougherty v. Cummings' Adm'r (Ky.), (50 S. W., 551); Sims v. Birdsong's

Adm'r (Ky.), (59 S. W., 750). The services of appellees' counsel in this case were not for the benefit of all of the heirs, but were in the main rendered exclusively in the interest of their own clients; besides, all of the parties were represented by counsel of their own selection. For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

---

CASE 93—MOTION TO DISMISS APPEAL—JANUARY 22.