## Inter-Southern Life Insurance Company v. Hughes' Committee.

(Decided May 24, 1929.)

WHEELER & HUGHES and JULIEN ERWIN for appellant.

W. A. BERRY and A. S. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion of the first appeal is reported in 224 Ky. 405, 6 S. W. (2d) 447, where a full statement of the facts involved may be found. On the return of this case to the circuit court, the appellant filed an amended answer, in which it sought a cancellation of the policy involved, on the ground that it had been procured by fraud. The fraud alleged consisted in the claimed falsity of certain answers given by the insured in the application he made for this insurance

policy. Not only did the appellant aver that these answers were false, but also that they were known by the insured at the time he made them to be false. On motion of the appellee the allegations concerning this fraud and the application were stricken from the amended answer. The case was thereupon submitted for judgment on the pleadings and proof taken before the first appeal, whereupon the court entered judgment for the appellee in accordance with the directions laid down by this court in the previous opinion, but credited that judgment by the $700 paid the appellee's former committee by the appellant as consideration for the compromise agreement which was held invalid on the first appeal of this case. The appellant has appealed from this judgment and the appellee has taken a cross-appeal from so much of the judgment as credited the amount due from the appellant by the $700.

Appellant insists that it had a right to amend its answer as it undertook to do by virtue of this expression in the opinion on the former appeal: "If the parties should see proper to amend their pleadings, they ought to be given the right to do so, so that the entire controversy may be determined at one time."

Appellant, however, has taken this expression out of its context. Earlier in the opinion this court, after an elaborate discussion of the claimed effect of the alleged false statements in the application for the insurance policy here involved, said: "We have reached the conclusion, therefore, that the appellant cannot rely in this answer on the alleged false statements in the application."

That opinion held that the alleged compromise between the appellee's then committee and the appellant was invalid and void, first, because of lack of authority on the part of the committee to make the settlement, and, secondly, because the settlement was an improvident one, in that the insured possessed valuable rights under the policy which the committee should not have bartered away for so small a consideration.

On the cross-appeal there prosecuted the court directed in that opinion that a judgment be entered for the appellee for the "disability benefits" which the policy provided for, whatever they might be. The court was unable to state exactly what they were, since the policy was not then before it and some contention was made about the correctness of the allegations in the petition

in this regard. It is obvious, then, that the original appeal directly involved the validity of this policy and the opinion must be taken as upholding its validity. Under the law of the case that opinion is now binding on the second appeal. That part of the opinion which appellant relies upon as a basis for his attempted amendment to his answer, again bringing into question the validity of the policy taken in its context, plainly meant only that the parties could amend their pleadings to show what was due appellee for "disability benefits" under the policy. As stated, the court was unable to determine that question on the former appeal, since the policy was not before it. The petition had alleged certain benefits to be due. These allegations were questioned. It was possible that when the policy was produced these allegations of the petition would not be sustained and for that reason the parties were given the right to amend in order that this branch of the controversy might be fully determined. But it was not meant that the parties could again inquire into the validity of the policy, since a decision of that question was basic to the former opinion. It therefore follows that the court correctly struck from the answer the defense relied upon and correctly entered judgment for the appellee.

On the cross-appeal the judgment must also be affirmed. The $700 was paid to the appellee and appellee's then committee jointly and the estate of the appellee was enriched by this amount. Appellee's estate is, under the facts of this case, responsible to appellant to the extent of this enrichment (see Stone, Committee, etc., v. Cromie, 87 Ky. 173, 7 S. W. 920, 10 Ky. Law Rep. 19), and so the court did not err in crediting the amount due appellee from appellant by this $700.

The judgment is affirmed on both the original and cross appeals.