## Bowman's Adm'rs v. Bowman's Ex'r and Adm'r et al.

March 1, 1946.

William B. Gess and Scott Reed for appellants.

William L. Wallace, Sam P. Strother, J. Owen Reynolds, Hunt, Kessinger & Lisle, Jay Miller, Scott Reed, and William B. Gess for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal raises the question as to the effect of the following portion of the last will and testament of Sallie E. Bowman:

"No charge shall be made by my executors to any of the above named *devises* for gifts or advancements made during my life."

Sallie E. Bowman died testate, and in her holographic will named as devisees her brothers, sister, the First Methodist Church of Lexington, Good Samaritan Hospital, Old Ladies Home, Orphans Home, and others, among whom were the appellants herein.

She named as executors of her will, Messrs. Harold Redd, and Henry Clay Bowman, but due to the fact that Henry C. Bowman was in the U. S. Army, and unable to qualify and act, Marshall Pryor was appointed and

qualified to act as administrator with the will annexed to serve jointly with Harold Redd.

This action was brought in the Fayette Circuit Court by the executor and administrator with the will annexed, wherein the devisees under the will and all parties in interest were named defendants. They prayed an interpretation of the will of Sallie E. Bowman and asked the court to render a declaratory judgment of the right and interest, if any, of each of the defendants in the estate of Sallie E. Bowman, deceased, under her will.

Two promissory notes were found among the assets of the testatrix, one in the sum of $3,000, executed to her by Henry Clay Bowman, and one in the sum of $150, executed to her by John B. Bowman.

The appellants contend that each of the obligations evidenced by the notes had been forgiven and discharged by the provision under the will wherein it was directed that no charge should be made to any of the named devisees for gifts or advancements made during her life.

John B. Bowman having died, Joseph B. McClellan, the duly qualified and acting administrator of his estate, filed his intervening petition to be made a party as such administrator.

In its judgment below, declaring the rights of the numerous devisees, the court held that neither the loan to John B. Bowman in the sum of $150, nor the loan to Henry Clay Bowman of $3,000, evidenced by their promissory notes, dated June 1, 1940, and November 15, 1942, respectively, and payable to the testatrix, is a gift or advancement within the meaning of the above quoted portion of the last will and testament of Sallie E. Bowman. It is from this portion of the judgment that appellants prosecute this appeal.

Appellants contend that by the use of the word ''advancement'' in the above quoted sentence, the testatrix referred to the promissory notes which she had accepted from them. In support of that contention they insist that the legal and technical meaning of the word ''advancement'' should not be applied since the will is a holographic will and prepared without the assistance of an attorney; that on the other hand it should be given

its popular or ordinary meaning. They insist that the statutory meaning should not be applied in view of the fact that Sallie E. Bowman was unmarried, had no child or children, and was guardian for no one; that since there had been no gifts or advancements of any consequence, it was a vain and useless provision if she didn't have these particular notes in mind.

The appellee, First Methodist Church of Lexington, which filed the only contesting brief herein, insists that there is no reason for going beyond the ordinary and accepted rule affecting gifts and advancements.

It is our task to determine whether or not the two notes above can be classified as either gifts or advancements, or whether we could justifiably say that the testatrix thought of them as such. There need be no serious disagreement herein as to the common, ordinary, popular meaning of the word "gift." It means nothing other than a voluntary and gratuitous giving of something by one without compensation to another who takes it without valuable consideration. This is the common and ordinary understanding of the word. Even though the testatrix may not have understood the full import of the meaning of a gift inter vivos or a gift causa mortis, she doubtlessly understood the ordinary meaning of the word. In no sense can a debt evidenced by a note, given for value received, be treated as either.

In a strict technical sense an advancement is a gift, yet there is a distinction in that a gift carries with it no obligation whatsoever, while an advancement, although a gift in the sense that it need not be repaid, may be subject to the doctrine of hotchpot, which requires a donee to account for the advancement before he will be permitted to share in the estate. However, it might be called to attention here, that generally speaking, before the doctrine of hotchpot may be invoked, the donor must die intestate, or fail to dispose of all of his property by will. Day v. Grubbs, 235 Ky. 741, 32 S. W. 2d 327, 72 A. L. R. 323; Brewer's Adm'r v. Brewer, 181 Ky. 400, 205 S. W. 393; Erdman's Adm'r v. Erdman's Executor and Trustee, 229 Ky. 162, 16 S. W. 2d 756; 1 Am. Jur., Advancements.

In the instant case the appellants contend that since there were no gifts or advancements of consequence to any of the devisees, the direction to the executors not to

make a charge to any of the devisees for gifts and advancements made was a vain and useless expression, unless she had in mind the notes executed by the appellants.

The collateral heirs of the testatrix apparently undertook to get a stipulation in the record that there were no gifts or advancements of consequence. In this they failed insofar as the executor, administrator with the will annexed and the Methodist Church of Lexington, were concerned. It appears, however, they agreed among themselves that there were none of consequence. Conceding that there were no gifts or advancements of consequence, would not the implication necessarily follow that there were some inconsequential ones? They apparently do not claim that there were none, but merely none of consequence. Can we say that they were of no consequence to her, even though insignificant to them? How are we to judge what significance she may have placed upon a gift or advancement to these devisees, even though the devisees think them to be inconsequential?

It has been said that in approaching the question of advancements the transaction in its inception is determinative. 1 Am. Jur., Advancements, Section 11; Murray v. Murray, 90 Ky. 1, 13 S. W. 244, 8 L. R. A. 95, Chism v. Chism, 296 Ky. 73, 176 S. W. 2d 101.

It follows, then, in the instant case, in looking at the character of the transaction, wherein these notes were executed for value received, attended by the usual incidents of debt such as interest, it cannot be said that there was any intention of the donor herein to treat them as anything other than loans or debts. Not only the circumstances surrounding the transaction but also the acts and attitude thereafter have persuasive bearing. The above notes were found in her lock box. In fact the note in the sum of $3,000, bearing date November 15, 1942, was executed after her will had been written and signed by her. This court has held in Ratliff et al. v. Ratliff et al., 283 Ky. 418, 141 S. W. 2d 566, that gifts inter vivos are closely scrutinized by courts.

Were the appellants here asserting that the money loaned, as evidenced by the notes, were gifts, the burden of showing same certainly rests upon them. In Bell's Ex'r et al. v. Lawrence et al., 272 Ky. 439, 114 S. W.

2d 517, we held that evidence of a gift inter vivos must be clear, convincing and free from reasonable doubt. Here we are asked to say that the testatrix treated as gifts and advancements that which in law is neither, in spite of the fact that there is no proof concerning same except an attempted stipulation that there were no gifts or advancements of consequence.

There can be no serious quarrel with the generally accepted position that advancements are clearly distinguishable from loans. The evidentiary fact that the testatrix herein accepted the notes as evidence of debt clearly indicates that she understood the full meaning of a loan.

The final and inescapable fact, then, is that the notes were taken by her and held by her. If she had in mind forgiving them, she would not have made the general provision using the more technical terms of "gifts" and "advancements"—terms not ordinarily used by the average layman—but would have doubtless used the more ordinary term of loans or debts specifically directed at the two obligor devisees. It would be a distortion of the testatrix's scheme to take any other view.

We, therefore, conclude that the notes in question were in the testatrix's mind neither as gifts nor advancements, and, consequently, must reject the appellants' contention.

The judgment is affirmed.