## MORGUELAN v. LYNCH.

Court of Appeals of Kentucky.
June 22, 1951.

As Modified on Denial of Rehearing
Dec. 14, 1951.

Michael M. Hellmann, Louisville, for appellant.

David L. Waterman, Dodd & Dodd and Allen Dodd, Jr., all of Louisville, for appellee.

SIMS, Justice.

This is the second action filed by the executor seeking a declaration of rights concerning the estate of Louis E. Morguelan, deceased. Also, it is a second appeal, the first opinion being reported in 307 Ky. 94, 209 S.W.2d 824, wherein we construed Item 6 of the will which devised testator's son Stuart Morguelan, real estate located at 507 West Broadway in Louisville in fee and devised testator's widow $4000 "In lieu of my wife's dower interest in said real estate". The widow there contended that this bequest to her was a charge upon the real estate and not a bequest out of the general assets of the estate. The chancellor held this $4000 bequest was

not a charge on the real estate but was a "general legacy of personalty, payable out of the personal assets of testator", and we affirmed his judgment on the first appeal.

It subsequently developed that testator for several years just before his death had not paid all his income tax due the Federal Government which asserted a large tax claim against his estate. The executor settled this tax claim for $19,357.73, after which testator's estate was so depleted there was not sufficient assets to satisfy all bequests. The executor then instituted this action against all devisees to have the court decide which bequests abated. Furthermore, he charged that the widow had a power of attorney from testator to sign Mr. Morguelan's name to checks, and that on July 6, 1945, before his death the following December 20th, she drew a check on his bank account for $13,000 which she diverted to her personal use and the executor asked to recover that sum from her.

The widow in her answer, counterclaim and cross-petition asked that Item 6 of the will be construed as devising her $4000 as a specific charge against the real estate mentioned and not as a general devise. This is the same contention she made on the first appeal and it was there decided adversely to her. Therefore, the chancellor again decided the $4000 was a general bequest rather than a specific charge against the real estate.

■ On the instant appeal the widow strenuously insists that this devise of $4000 was in lieu of dower therefore it was a jointure, and since she was lawfully deprived of her jointure by the tax claim of the United States, and not through any fault of her own, she is entitled under KRS 392.120(2) to indemnity therefor out of her husband's estate. A large part of her brief is taken up with a full and learned discussion on the subject of jointure. Unfortunately for her, this court decided on the first appeal that under Item 6 of the will the $4000 bequest was a general legacy and not a specific bequest in lieu of dower. Our construction of this item of the will in the first opinion is now the law of the case and is binding upon this second appeal. Johnson v. Edwards, 230 Ky. 485, 20 S.W.

2d 76; Inter-Southern Life Ins. Co. v. Hughes' Committee, 229 Ky. 660, 17 S.W. 2d 743.

■■ In one of the consolidated cases the widow pleaded that all the bequests to her were in lieu of her statutory distributable share in the estate and "were by way of jointure", and that her election to take under the will was the acceptance of same as jointure; that afterward she was called upon and did pay to the executor the sum of $13,250 to liquidate the delinquent tax assessment. She alleges there was other property belonging to the decedent, both personalty and realty, amounting to more than the sum she refunded. She pleaded the right to recover $13,250 and interest as indemnity. A demurrer was sustained to this petition and it was dismissed. The widow insists on the appeal that this was error.

The claim seems to regard the $4000 bequest as her part of the value of the Broadway property, a question already disposed of. If there be any distinction between that item and the other specific bequests, it is that they are more certainly general legacies for there is no reference in any of them as there is in the $4000 bequest as being "in lieu of my wife's dower interest in said real estate." The law of jointure does not apply where the widow has the right of election between receiving her statutory share in the estate or accepting the benefits of the will. Maynard's Adm'r v. Maynard, 285 Ky. 75, 146 S.W.2d 343. In the present case, Mrs. Morguelan elected to take under the will. The amount she is entitled to receive is ascertainable by the settlement of the estate and proper adjustment of any deficit in the bequests, which is a matter not involved on this appeal.

We will now discuss the contention of the widow that the $13,000 she withdraw from her husband's account by signing his name to a check under a power of attorney she held was a gift to her. The record shows that after obtaining this money from the bank she converted it into government bonds, put them in an envelope bearing her name which she placed in her compartment of a safe used in the store operated by

testator. He had the combination to the safe, entered it daily and had free access to Mrs. Morguelan's compartment therein but never disturbed or took possession of the bonds.

Under § 606, subd. 2 of the Civil Code of Practice Mrs. Morguelan was not a competent witness to testify for herself against her husband's estate concerning these bonds and she did not attempt it. Mrs. Morguelan produced no proof showing she gave or paid any consideration for the $13,000 represented by the bonds and her only legitimate claim thereto is that it was a gift from her husband. As we read Mrs. Morguelan's brief, she attempts to establish the gift by the fact that she had possession of the bonds and during all the time they were in her possession her husband knew the bonds were in the safe, had access to it and never made any effort to recover them. Such evidence is not sufficient to establish a gift as we have many times written that mere possession of the property by the donee is not sufficient to establish a gift, for it may be consistent with mere custody or agency. Hays' Adm'rs v. Patrick, 266 Ky. 713, 99 S.W.2d 805, 809; Nolty v. Fultz, 277 Ky. 49, 125 S.W.2d 749. The law scrutinizes a gift very closely and the donee must establish every element necessary to its validity by clear and convincing evidence. Denker v. Denker, 290 Ky. 735, 162 S.W.2d 555; Bowman's Adm'rs v. Bowman's Ex'r & Adm'rs, 301 Ky. 694, 192 S.W.2d 955.

George McKeown, a close friend and business associate of testator and apparently a disinterested witness, testified that a few days after being released from the hospital testator came to him sobbing that his wife had taken $13,000 from him and refused to return it. This testimony was competent as witness had no interest in the action and the prohibition in § 606, subd. 2 of the Civil Code only applies where the witness is testifying for himself against a decedent's estate. Justice's Adm'r v. Hopkins, 261 Ky. 861, 88 S.W.2d 688. McKeown further testified that Mrs. Morguelan told him she had gotten $13,000 from her husband and was sorry it wasn't $30,000. Due to the scantiness of the wid-

ow's proof, which was greatly circumscribed by § 606, subd. 2 of the Civil Code of Practice, the testimony of Mr. McKeown is sufficient to sustain the chancellor's finding in affirming the commissioner that Mr. Morguelan did not make a gift of this money to his wife.

The judgment is affirmed.