Iley BROWNING, Jr., Appellant,

v.

Elizabeth L. BROWNING et al., Appellees.

Court of Appeals of Kentucky.

April 22, 1977.

Discretionary Review Denied
June 29, 1977.

Robert P. Hastings, Louisville, for appellant.

Spencer D. Noe, Stoll, Keenon & Park, Lexington, James F. Clay, Sr., Clay & Clay, Danville, for appellees.

Before COOPER, HOGGE and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Fayette Circuit Court wherein the Appellee, Elizabeth L. Browning, instituted an action on or about August 19, 1974, seeking a legal separation. The Appellant, Iley B. Browning, Jr., answered and countered for an absolute dissolution and subsequent thereto the Appellee amended her complaint seeking an absolute dissolution of marriage.

The Appellant, Iley B. Browning, Jr., and the Appellee, Elizabeth L. Browning, were married in Lexington, Fayette County, Kentucky, on June 11, 1949. As a result of this marriage four (4) children were born to-wit: Elizabeth Graeme Browning, September 20, 1951; Iley B. Browning, , III (Trip), February 10, 1956; Larry Ann Browning, July 28, 1958; and Winlock Davidson Browning, June 29, 1965.

At the time of the trial of this case, two of the children were adults and two were minors. The two minor children were living with the Appellee, Elizabeth L. Browning, as it was stipulated earlier that she should have their care, custody and control.

The trial court, among other items, granted the Appellee one-third of the Appellant's undivided interest in the 6.1% of the property known as the Harkins Mineral property owned by the Appellant, granted Appellee $300.00 per month maintenance for a period of five (5) years, and $7,000.00 on her attorneys' fees.

This presents three questions to the Court of Appeals as follows:

1. Is Appellant's 6.1% of undivided interest in the Harkins Mineral properties non-marital in that it was a gift from his mother?

2. Was the trial court in error in awarding Appellee maintenance in the sum of $300.00 per month for a period of five (5) years?

3. Did the trial court err in requiring Appellant to pay $7,000.00 toward Appellee's Attorney's fees?

The Appellant contends that the 6.1% undivided interest was a gift to him and that the trial court should not have included that in the marital property of the parties. The Appellee contends that the same was not a gift but was transferred to Appellant in consideration of the work that the Appellant had done and was continuing to do for Appellant's mother and the Harkins Mineral Corporation in which Appellant's mother had a substantial interest.

The Appellant's 6.1% undivided interest in the Harkins Mineral property originally came to him in the form of 1,240 shares of Harkins Mineral Corporation stock, which was later transformed to the 6.1% when the Corporation was dissolved, and the Appellant elected not to go into the partnership that was formed.

The testimony in the record is very voluminous by both Appellant and Appellee concerning the acquisition of the interest of the Appellant in the Harkins Mineral property.

On cross-examination Josephine H. Browning was asked certain questions, and she gave certain answers, as to the work her sons, Walter and Iley B. Browning, Jr., had done for her and Harkins Mineral Corporation, a part of which are as follows:

Q38: Have you ever made any type of statement that Walter and Iley earned their stock in the Corporation?

A: Not to my knowledge.

Q40: You could have made that statement though?

A: I could have made that statement.

\* \* \* \* \* \*

Q42: You feel like Walter and Iley have earned their portion of the shares though?

A: I certainly do.

The Appellee's testimony concerning the acquiring of stock in Harkins Mineral property by Appellant is supported by the testimony of their two adult children. Iley B. Browning, III testified in part as follows:

D4: Mr. Browning, have you ever heard your mother or grandmother, Josephine H. Browning, make any statement to you in the presence of your father concerning how the various interests of the Harkins Mineral property was transferred?

_ _ _ objection, ruling of Court, etc. _ _ _

A: My grandmother said many times how much work was done for the Corporation by my father and by my uncle, and has at one point talked to me about working for the Corporation, and by doing this they would transfer stock to me and I would work for the Corporation.

Elizabeth Graeme Browning, daughter, testified in part as follows:

D5: Do you recall any occasion when your father was present and a discussion was taking place between your grandmother and your father, or anyone else in your presence, in regard to how she happened to transfer shares of stock or interest in the Harkins Mineral properties to your father?

(The answer is really brought out in question D8)

A: On many occasions ever since I was a child, on holidays, Thanksgiving and Christmas, family gatherings, would say, "The boys have been working so hard for me. They are taking care of my interests." When the subject of Harkins Mineral was brought up.

The question of non-marital or marital property rests on whether or not the Harkins property was a gift or was received as a result of a consideration.

■ "A 'gift' in a common, ordinary, popular sense is a voluntary and gratuitous giving of something by one without compensation to another who takes it without valuable consideration." _Bowman's Admr's v. Bowman's Ex'r_, 301 Ky. 694, 192 S.W.2d 955 (1946).

■ The burden is on the Appellant to prove by clear and convincing proof that he acquired his interest by gift. The presumption that it is marital property has not been overcome by the Appellant during the trial of this action. We, therefore, find that the interest in the Harkins Mineral property is marital property and must be considered as such.

The next question concerns the awarding of maintenance to Appellee in the amount of $300.00 per month for a period of five (5) years.

■ This is a matter that comes within the discretion of the trial court. KRS 403.-200(2), (2)f, 403.210. In the case of _Bell v. Bell_, Ky., 494 S.W.2d 517 (1973), the Court of Appeals held that matters of maintenance and child support were within the sound discretion of the trial court.

■ The last question concerns the requiring of the Appellant to pay $7,000.00 toward the payment of Appellee's attorney fee. In _Wilhoit v. Wilhoit_, Ky., 521 S.W.2d 512 (1975), the Court of Appeals, in speaking of the trial court's discretion in awarding fees made the following comments:

"If there had ever been any doubt regarding the discretionary authority of the trial court to allocate court costs and award an attorney's fee, KRS 403.220 laid that doubt to rest once and for all. As matters now stand, an allocation of court costs and an award of an attorney's fee are entirely within the discretion of the court."

■ We have examined the record in this proceeding and the finding of fact and conclusions of law, and have determined that the judgment of the Court was supported by substantial evidence and there was no abuse of discretion on the part of the Court in this matter.

The judgment is affirmed.

All concur.