**Margaret Jo ADAMS, Appellant,**

v.

**James E. ADAMS, Jr., Anna Adams, Administratrix of the Estate of James E. Adams, Sr., Thomas F. Adams, William F. Adams, and Edward H. Adams, Appellees.**

Court of Appeals of Kentucky.

April 14, 1978.

**170**

Eddie C. Lovelace, Lovelace & Carroll, Albany, for appellant.

James A. Hicks, Albany, for appellees.

Before HOWARD, PARK and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Clinton Circuit Court concerning a dissolution of marriage proceeding consolidated with a fraudulent conveyance proceeding. Certain shares of stock owned, at one time, by defendant-appellee, James E. Adams, Jr. (hereinafter referred to as James, Jr.) were held not to be marital property. A fraudulent conveyance action, instituted by plaintiff-appellant, Margaret Jo Adams (hereinafter referred to as Margaret) concerning said stock was dismissed.

In February, 1974, a dissolution of marriage proceeding was filed by James, Jr. against Margaret. A short time prior thereto, James, Jr. had sold two hundred (200) shares of stock in Adams Camp, Inc., a family-owned subchapter S-type corporation, for a consideration of $29,170.00. The buyers were the defendants-appellees, James, Jr.'s father (now deceased) and three brothers; these four owned the remaining shares of the corporation.

In July, 1975 Margaret instituted suit, alleging that said stock constituted marital property and that the transfer was made for an inadequate consideration and with the intent to defraud her of her marital interest therein. This action was consolidated with the divorce proceeding.

The trial court determined that the shares of stock formerly owned by James, Jr. were not marital property. Margaret was awarded lump-sum maintenance in the amount of $15,000.00, and was also awarded the marital home and household furnishings together with the family automobile. She was to assume the payments on the outstanding mortgage, approximately $6,000.00. James, Jr. was to pay the costs of the two actions, including the sum of $2,000.00 to Margaret's attorneys and the sum of $1,500.00 as the cost of appraising the corporate property. The fraudulent conveyance action concerning the stock transfer was dismissed.

We will first determine whether the stock was marital property and then, whether the trial court was correct in dismissing the fraudulent conveyance action.

KRS 403.190(1) provides for division of the marital property, after a consideration of certain relevant factors. Subsection (2) of that statute lists exceptions to what is considered marital property and reads, in part, as follows:

(a) Property acquired by gift, bequest, devise, or descent;

(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

KRS 403.190(3) states that property acquired by either spouse after the marriage is presumed to be marital property, unless it can be shown that it was acquired by a method listed in above-mentioned subsection (2).

In *Browning v. Browning*, Ky.App., 551 S.W.2d 823, 825 (1977), the court defined "gift" as follows:

'A "gift" in a common, ordinary, popular sense is a voluntary and gratuitous giving of something by one without compensation to another who takes it without valuable consideration.' *Bowman's Admr's v. Bowman's Ex'r*, 301 Ky. 694, 192 S.W.2d 955 (1946).

The question of whether property is considered marital or nonmarital is dependent on whether the property was a gift or was received as a result of consideration. To overcome the presumption that the property is marital, clear and convincing proof must be presented to show that the property was given as a gift. *Browning, supra.*

The camping business originally started as a sole proprietorship owned by James E. Adams, Sr. (hereinafter referred to as James, Sr.). James, Jr. was employed to operate the business, commencing prior to the marital relationship. Subsequent to the marriage, a partnership was formed between father and son. James, Jr. contributed no capital to the partnership, and continued to receive a salary. When the camping business was incorporated in 1969, James, Jr. was transferred two hundred forty (240) shares of stock in Adams Camp, Inc. The minutes show that the consideration for this stock was, in essence, the partnership share of James, Jr. in the partnership bank account and the conveyance by him to the corporation of the various pieces of equipment, boats and motors, marinas, etc., owned before by the partnership.

Thereafter, forty (40) shares of stock were transferred from James, Jr. to his three brothers without any compensation to him and at his father's request. It is undisputed from this record that James, Sr. provided the capital, as needed, in the form of loans to the corporation. No notes evidenced this indebtedness, although the outstanding debt from the corporation did appear on James, Sr.'s federal inheritance tax return.

We have examined *Browning, supra,* and find that because of work done by the husband for a corporation in which his mother had a substantial interest, the husband's 6.1% interest in the same corporation was held to be marital property and not a gift from the mother. Although at first glance this may seem similar to the instant case, we do perceive a difference. James, Jr. (and the other sons) were compensated on a salaried basis for the work which they performed for Adams Camp, Inc.; whereas, in *Browning, supra,* the work performed was the consideration for the interest in the corporation.

It is clear that James, Sr. provided the money for the purchase of stock in Adams Camp, Inc. There was never any payment by his sons for the stock and none was expected. It is also noteworthy that the loan amount mentioned in James, Sr.'s will as being due and owing by James, Jr. is the exact amount loaned by James, Sr. for the purchase of the marital home.

We feel that clear and convincing evidence was presented to show that the stock in question was a gift from James, Sr. to James, Jr., as was the partnership interest also. The trial court was correct in holding that the stock was nonmarital property.

As the trial court properly held that the stock was nonmarital property, the question of whether there was a fraudulent conveyance by James, Jr. of the stock is rendered moot. The trial court further found that the sum of $29,170.00 paid James, Jr. for the stock was an adequate price, which finding is supported by sufficient evidence of probative value. CR 52.01.

We note that James, Jr. purported to file a cross-appeal questioning the property settlement agreement and maintenance award, although same has not been briefed. Margaret does not question these portions of the trial court's findings. We feel that the findings by the trial court as to the division of marital property and the maintenance award are supported by sufficient evidence. CR 52.01.

The judgment of the trial court is affirmed.

All concur.