RENDERED: OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0129-MR

LAURE RYAN (FORMERLY
KNOWN AS LAURE WHITELEY)                                          APPELLANT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE LAUREN ADAMS OGDEN, JUDGE
                    ACTION NO. 19-CI-501893


JAMES WHITELEY, JR.                                                  APPELLEE


OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE: Laure Ryan, formerly known as Laure Whiteley,

("Appellant"), appeals from findings of fact, conclusions of law, and decree of

dissolution of marriage entered by the Jefferson Circuit Court, and from an order

denying her motion to alter, amend, or vacate. She argues that the circuit court

erred in limiting the award of maintenance to 8 years. She also asserts that the court made erroneous findings. After careful review, we conclude that the circuit court erred in limiting the duration of the award. Accordingly, we affirm in part, reverse in part, and remand the findings of fact, conclusions of law, and decree of dissolution of marriage on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant and James Whiteley, Jr. ("Appellee") were married in 1997. Appellant, who is now approximately 52 years old, was a registered nurse prior to the marriage and has maintained her nursing license. During the marriage, she worked limited hours, but for most of the marriage was a stay at home mother. She has not worked outside the home in 13 years. Appellant suffers from a myriad of debilitating medical conditions, including a congenital defect of the chest which compresses her heart and lungs. At age 14 she underwent reconstructive surgery for the condition, which was not successful. She also suffers from scoliosis, which has caused life-long back pain. As an adult, she was in a car accident which fractured her hip, pelvis, and foot. Appellant suffers from severe migraine headaches, post traumatic stress disorder, depression, and anxiety, and as of 2020 was taking 22 medications per day.

Appellee is an approximately 53-year-old surgeon. In 2019, he earned over $500,000.

The parties separated in 2019, and Appellant filed a petition for dissolution of marriage in Jefferson Circuit Court. The Jefferson Circuit Court rendered findings of fact, conclusions of law, and decree of dissolution on December 7, 2020. The decree addressed all pending issues, including the disposition of marital assets and debts, the parties' living expenses, custody and parenting time, child support and maintenance, and the parties' competing motions for contempt which were both denied.

On the issue of maintenance, the court recounted Appellant's serious, chronic health issues, and noted that though she retained a nursing license and earned some income during the marriage, for the most part she was primarily engaged in the upbringing of the parties' children. The court found that Appellant had not worked outside the home for 13 years.

Regarding Appellant's ability to work, Appellant was evaluated by Linda Jones, a certified rehabilitation counselor and vocational expert. Jones' report stated her belief that Appellant was not able to work outside the home at this time nor in the foreseeable future due to Appellant's severe medical conditions. Jones noted that the field of nursing has substantially changed since Appellant last worked as a nurse. Jones also stated that under Social Security guidelines, nursing is categorized as requiring "medium" physical activity which requires standing or

walking most of the day and lifting up to 50 pounds. Jones opined that Appellant was not able to meet this level of exertion.

Robert Tiell is also a vocational expert. He did not examine Appellant, but considered Jones' report just prior to trial. Tiell opined that Appellant has "a few medical issues" and no functional impairment rating.

In determining whether to award maintenance to Appellant, the circuit court relied on the elements set out in Kentucky Revised Statutes ("KRS") 403.200 and *Browning v. Browning*, 551 S.W.2d 823, 825 (Ky. App. 1977). The court found that Appellant has monthly expenses of $9,000, and income from a trust account of $870 per month, resulting in a deficit of $8,130 per month. It recognized that Appellant suffers from a myriad of debilitating medical conditions, and did not find her to be voluntarily unemployed. The court found that it could not predict whether Appellant could return to work in the future, as it was possible she could have successful medical treatment restoring her ability to return to the workforce. The court ordered Appellee to pay $8,130 per month in maintenance to Appellant for a period of 8 years. It noted that the maintenance was modifiable in the future per KRS 403.250 if Appellant's health did not improve. Maintenance was to terminate on either party's death, or Appellant's remarriage. The court denied Appellant's motion to alter, amend, or vacate the findings of fact, conclusions of law, and decree, and this appeal followed.

## STANDARD OF REVIEW

We review the circuit court's award of maintenance for an abuse of discretion. *Browning*, *supra*; *McGregor v. McGregor*, 334 S.W.3d 113, 118-19 (Ky. App. 2011). To constitute an abuse of discretion, the circuit court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). The circuit court's findings of fact will not be disturbed unless they are clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01. "Findings of fact are not clearly erroneous if supported by substantial evidence." *Janakakis-Kostun v. Janakakis*, 6 S.W.3d 843, 852 (Ky. App. 1999) (citation omitted). Substantial evidence is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people. *Id.* The circuit court's conclusions of law are reviewed *de novo*. *Stipp v. St. Charles*, 291 S.W.3d 720, 723 (Ky. App. 2009).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in limiting the award of maintenance to 8 years. She argues that the award's limited duration conflicts with the circuit court's findings, is unsupported by the record, and is therefore arbitrary. Appellant contends that the circuit court improperly placed the burden on her to modify maintenance in the future to extend

its duration, when the evidence requires an open-ended award to be modified in the future, if at all, by Appellee. Appellant also argues that the court made erroneous findings adversely impacting the amount and duration of the award. She seeks an opinion reversing the order of maintenance and remanding the matter for an award of permanent maintenance.

KRS 403.200 states,

(1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

In examining the issue of maintenance, the Jefferson Circuit Court directly or indirectly considered each of the factors set out in KRS 403.200(2). The court examined the financial resources of the parties, their marital resources, ability of each party to meet his or her needs independently, and child support. KRS 403.200(2)(a). It considered Appellant's ability to find suitable employment, and noted that she had not worked outside the home in at least 13 years and her physical maladies greatly impacted her ability to work. KRS 403.200(2)(b). The court considered the standard of living during the marriage and its duration, including the parties' assets, the value of the marital home, and Appellee's income. KRS 403.200(2)(c) and (d). The court acknowledged the medical evidence which demonstrated that Appellant is "severely symptomatic," "has difficulty breathing with exertion," and is "disabled from a cardiac standpoint . . . due to severe

restrictive lung disease." It expressly found that Appellant's "prognosis is poor." KRS 403.200(2)(e). Lastly, the court found that Appellee possessed the ability to meet his own needs while providing maintenance to Appellant. The court calculated that Appellee would have a net monthly income in the amount of $19,167, after paying maintenance. KRS 403.200(2)(f).

After considering the factors set out in KRS 403.200(2), the circuit court concluded that it could not, nor was it required to, predict whether Appellant could return to work after successful medical treatment and what impact that might have on her financial circumstances. It was on this basis that the court limited the duration of the award to 8 years, and ruled that it would be modifiable in the future per KRS 403.250 if she were not able to provide for herself through appropriate employment.

The question for our consideration is whether the Jefferson Circuit Court properly limited the award of maintenance to 8 years, subject to later modification upon changed circumstances. After closely examining the record and the law, and with due regard to the circuit court's sound discretion in the application of KRS 403.200, *McVicker v. McVicker*, 461 S.W.3d 404, 420 (Ky. App. 2015), we conclude that the court's limitation of the duration of the maintenance award is arbitrary, unreasonable, unfair, or unsupported by sound legal principles per *English*, *supra*.

We base this conclusion primarily on two factors. First, the record demonstrates, and the circuit court so found, that Appellant suffers from a myriad of serious, intractable health issues which adversely affect her ability to participate in gainful employment. The uncontested medical evidence indicates that Appellant is severely symptomatic and suffers from acute restrictive lung disease and several other severe conditions. The circuit court found that Appellant is

> now severely symptomatic with significant . . .
> disabilities affecting more than 50% of her neurologic,
> cardiac, pulmonary, and emotional systems. She has
> difficulty breathing with exertion, tachycardia and heart
> palpitations, dizziness, numbness, swelling, and
> discoloration of her extremities. Her cardiologist has
> determined that she is disabled from a cardiac standpoint,
> while her pulmonologist has determined that she is
> disabled due to severe restrictive lung disease.
>
> Ms. Whiteley was also born with scoliosis which
> has caused life-long back pain. In 1995, she was
> involved in a serious car accident and broke her back in
> three locations (T4, T9, and L3). She also fractured her
> left hip, right pelvis, and right foot. She required a full
> body cast to heal. Ms. Whiteley's back problems have
> also progressed. Her orthopedic specialist, Joseph
> Werner, M.D., has advised her to avoid heavy lifting,
> twisting, and bending. He says that she can expect
> increased pain in her neck and lumbar region with sitting
> or sedentary work. Ms. Whiteley was referred for back
> surgery in September 2020, which she has not yet
> scheduled.
>
> Ms. Whiteley also suffers from severe migraine
> headaches, which require monthly injections. She also
> suffers from post-traumatic stress disorder, anxiety, and

> depression. In total, she takes 22 different medications
> for treatment of her various medical conditions.

(Internal quotation marks and footnotes omitted.)

A medical evaluation conducted in 2015 found that Appellant has "severely disabling symptoms, severe deformity, and significant right heart compression." This affliction is congenital and progressive, having affected Appellant since childhood. The circuit court found that "Ms. Whiteley's recent medical records show that her condition has progressed[,]" and that "her prognosis is poor." Because the medical record does not predict a recovery sufficient to sustain employment, there is no reasonable basis for limiting the maintenance award to 8 years.

Second, vocational expert Jones evaluated Appellant, and concluded that Appellant was not able to work outside the home at this time nor in the foreseeable future due to her severe medical conditions. Jones hypothesized that Appellant might engage in sedentary employment if she had surgery and her health improved. Appellant, however, had unsuccessful reconstructive surgery in the past, and the record indicates that any additional surgery implicated a significant risk of pulmonary failure and death. Vocational expert Robert Tiell gave a more favorable opinion of Appellant's prospects, going so far as to opine that she could return to work immediately despite her medical conditions, though he did not evaluate Appellant and only considered Jones' report shortly before trial.

-10-

The facts of this case somewhat parallel those of *Powell v. Powell*, 107 S.W.3d 222 (Ky. 2003). *Powell* was a dissolution proceeding where maintenance was contested. Husband was a medical doctor who earned almost $600,000 per year, and wife was a former nurse who took care of the children and did not work outside the home. Wife, who was around 50 years old, suffered from back injuries which limited her ability to work outside the home, but was found to have the ability to return to the workforce making $45,000 per year after completing continuing education. The circuit court awarded maintenance to the wife in the amount of $3,000 per month for three years, which it believed gave her sufficient time to become reestablished in the workforce. The Court of Appeals affirmed upon finding that the award did not constitute an abuse of discretion. On appeal, the Kentucky Supreme Court concluded that both the amount and duration of the award constituted an abuse of discretion. It based its conclusion in part on the 18-year duration of the marriage, the disparity in the respective incomes, and the standard of living established during the marriage.

Appellant herein has chronic medical conditions far more severe than those of the wife in *Powell*; Appellant's marriage was 5 years longer than the marriage in *Powell*; and, unlike the wife's ability to return to the workforce within one year in *Powell*, Appellant's prospects of reemployment are poor. While

-11-

*Powell* is not controlling under the instant facts, it provides guidance in the application of KRS 403.200 to the facts before us.

Alternatively, Appellant argues that if we find that the circuit court correctly applied KRS 403.200, it improperly found that Appellant has a monthly income of $870 from her nonmarital account, with monthly expenses totaling $9,000. Appellant contends that the circuit court also failed to clarify its finding on the family's monthly spending prior to the filing of the petition, and should have found the parties enjoyed a high standard of living and spent approximately $26,540.50 a month. Appellant argues that the circuit court improperly considered the 5-year average of her nonmarital account rather than its current interest and dividends, and did not consider current gains and losses in its calculations. She also asserts that even with the maintenance award of $8,130 per month, she is in a much less advantageous financial position than is Appellee who the circuit court found has an income of over $500,000 per year. Appellant contends that had the circuit court undertaken a correct analysis of the record, it would have found her monthly expenses to be $11,023 per month. She maintains that Appellee could have afforded a higher maintenance obligation, and even if he paid 35% of his net income in maintenance, he would still retain over $20,000 per month after taxes.

Appellant submitted several pages of arguments and calculations detailing why she believes she is entitled to more than $8,130 per month in

maintenance. The question for our consideration on this issue is not whether the record would support a higher award, but rather whether the circuit court's award constitutes an abuse of discretion. *Browning*, *supra*. The circuit court conducted a thorough examination of the parties' employment histories, assets and liabilities, Appellant's medical conditions, and reasonable living expenses both before and after dissolution. These findings are memorialized in the findings of fact, conclusions of law, and judgment on appeal. The court was also well aware of the property and assets awarded to Appellant, including half of the assets of the marital home after the mortgages, IRAs of about $300,000, a Roth IRA valued at about $25,000, a life insurance policy, money market funds, child support of $3,300 per month, $50,000 in attorney fees, and none of the marital debt. Based on the totality of the record and the law, we cannot conclude that the amount of the maintenance award was erroneous, and find no error on this issue.

## CONCLUSION

Given the medical evidence and the circuit court's findings that Appellant's condition is worsening and her prognosis is poor, and in light of the factors set out in KRS 403.200 and the Kentucky Supreme Court's application of those factors in *Powell*, it is unreasonable per *English* to limit the award of maintenance to 8 years. At the conclusion of that 8 year period, Appellant will be about 60 years old, and it is more likely than not that her severe, debilitating

medical conditions will not have substantially improved.  Should Appellant be able to rejoin the workforce after additional surgery or other treatment, or if the parties' circumstances otherwise change, Appellee may move to reduce or eliminate the award per KRS 403.250.  We find no error in the amount of the award.

For these reasons, we reverse the findings of fact, conclusions of law, and decree of dissolution of marriage on the issue of maintenance, and remand the matter for an award of maintenance consistent with this Opinion.  The findings of fact, conclusions of law, and decree of dissolution of marriage are in all other respects affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allen McKee Dodd
Louisville, Kentucky

BRIEF FOR APPELLEE:

Corey Shiffman
Christine Shiffman
Louisville, Kentucky